## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WYNCOMM LLC,<br><br>            Plaintiff,<br><br>   v.<br><br>JETTA INTERNATIONAL CORP.,<br><br>            Defendant. | Civil Action No. _____<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Wyncomm LLC ("Wyncomm" or "Plaintiff"), for its Complaint against Defendant Jetta International Corp. ("Jetta" or "Defendant"), alleges the following:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

### THE PARTIES

2. Plaintiff Wyncomm is a limited liability company organized under the laws of the State of Delaware with a place of business at 113 Barksdale Professional Center, Newark, Delaware 19711.

3. Upon information and belief, Defendant is a corporation organized and existing under the laws of Massachusetts, with a place of business at 159 Overland Road, Waltham, Massachusetts 02451 and a registered agent for service of process at Delaware Secretary of State, Division of Corporations, John G. Townsend Building, 401 Federal Street, Suite 4, Dover, Delaware 19901. Upon information and belief, Defendant sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products

and services that perform infringing processes into the stream of commerce knowing that they would be sold in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

7. Upon information and belief, Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Delaware.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,506,866

8. The allegations set forth in the foregoing paragraphs 1 through 7 are incorporated into this First Claim for Relief.

9. On April 9, 1996, U.S. Patent No. 5,506,866 Patent ("the '866 Patent"), entitled "Side-Channel Communications in Simultaneous Voice and Data Transmission," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '866 Patent is attached as **Exhibit A**.

10. Wyncomm is the assignee and owner of the right, title and interest in and to the '866 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

11. Upon information and belief, the Defendant has and continues to directly infringe one or more claims of the '866 Patent by making, using, selling, importing and/or providing and

causing to be used products that transmit information utilizing WiFi, including information representative of analog data such as voice or sound and including control data, in which the information representative of analog data is converted to voice or sound, which by way of example include personal computers such as the Jetbook 810IV2PX (the "Accused Instrumentalities").

12. Defendant was made aware of the '866 Patent and its infringement thereof at least as early as its receipt of correspondence from Wyncomm providing notice of the '866 patent and Defendant's infringement thereof, sent January 29, 2013. This letter was sent by certified mail with return receipt requested. Wyncomm has since received the return receipt, indicating that Defendant has received the letter.

13. Upon information and belief, since at least the time it received Wyncomm's notice letter, Defendant has induced and continues to induce others to infringe at least one claim of the '866 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendant's partners and customers, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '866 Patent.

14. In particular, Defendant's actions that aid and abet others such as its partners and customers to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities. On information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendant has had actual knowledge of the '866 Patent and that its acts were inducing its customers to infringe the

'866 Patent since at least the date it received the notice letter from Wyncomm notifying Defendant that such activities infringed the '866 Patent.

15. Despite Wyncomm's notice regarding the '866 Patent, Defendant has continued to infringe the '866 Patent. On information and belief, Defendant's infringement has been and continues to be willful.

16. Wyncomm has been harmed by Defendant's infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Wyncomm demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Wyncomm demands judgment for itself and against Defendant as follows:

A. An adjudication that Defendant has infringed the '866 Patent;

B. An award of damages to be paid by Defendant adequate to compensate Wyncomm for their past infringement of the '866 Patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

D. An award to Wyncomm of such further relief at law or in equity as the Court deems just and proper.

Dated: April 12, 2013                               STAMOULIS & WEINBLATT LLC

                                                */s/ Stamatios Stamoulis*
Stamatios Stamoulis #4606
       stamoulis@swdelaw.com
Richard C. Weinblatt #5080
       weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540

*Attorneys for Plaintiff*
*Wyncomm LLC*